29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph S. PRITCHETT, Plaintiff-Appellant,
v.
CITY OF SEATTLE; Norward J. Brooks, Sr., individually and
as City Comptroller for the City of Seattle,
Washington, Defendants-Appellees.
 No. 93-36203.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Pritchett appeals pro se the district court's summary judgment for the defendants, the City of Seattle and Norward Brooks ("Mr. Brooks"), in Pritchett's 42 U.S.C. Sec. 1983 action arising from his termination as an assistant systems analyst with the City Comptroller's Office. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Pritchett was employed by defendant City of Seattle in the Comptroller's Office until he resigned on March 30, 1990. It is undisputed that on March 16, 1990, Mr. Brooks called Pritchett into his office and read him a written statement by Ms. Thyra Brooks ("Ms. Brooks"), a Seattle City Council employee (and not related to defendant Norward Brooks), containing allegations about Pritchett's conduct toward her. Ms. Brooks alleged that Pritchett had telephoned her at home and recited to her personal and confidential information which he had gained from City personnel records. Mr. Brooks asked Pritchett for an explanation about this incident, and then informed him that he could either resign or face disciplinary proceedings.[1] The record shows that Pritchett gave Mr. Brooks a written memorandum dated March 16, 1990 indicating that he was tendering his resignation effective March 30, 1990. Pritchett did not file any appeal with the City of Seattle Civil Service Commission. Pritchett filed this Sec. 1983 action against the City of Seattle and Mr. Brooks challenging the legality of his termination from employment.
 
 
 4
 Pritchett contends that the district court erred by granting summary judgment for defendants in his Sec. 1983 action. This contention lacks merit.
 
 
 5
 We review a summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 6
 The party moving for summary judgment "bears the initial responsibility for informing the district court of the basis for its motion...." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325.
 
 
 7
 In cases where the nonmoving party bears the burden of proof at trial with respect to a material fact, the party opposing the motion is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(e)). "To show existence of a 'genuine' issue, appellant[ ] must present some evidence establishing each element of [his] claims on which [he] would bear the burden of proof at trial. [citation omitted] [He] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) (quotations omitted). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 8
 A municipality cannot be held liable for violating 42 U.S.C. Sec. 1983 unless a plaintiff proves the existence of an official policy or custom responsible for depriving that plaintiff of his or her constitutional or statutory rights. See Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).
 
 
 9
 As the district court found, there is no evidence of the City's adoption of an official policy which resulted in denying plaintiff his constitutional rights. See id. The fact that Mr. Brooks has been delegated the authority to terminate a particular employee does not mean that he has any power to establish official policy regarding the constitutional rights of employees. See Pembaur v. Cincinnati, 475 U.S. 469, 481-83 (1986) (official must be responsible for establishing final government policy before city can be held liable). Therefore, summary judgment for the City on Pritchett's Sec. 1983 claim was appropriate. See id.; Monell, 436 U.S. 658.
 
 
 10
 Moreover, as the district court found, there is no evidence in the record that Mr. Brooks deprived Pritchett of his constitutional rights. First, Mr. Brooks did not terminate Pritchett from his job. Pritchett was given a choice between resigning and facing disciplinary proceedings, and he chose to submit his resignation. Second, even accepting as true Pritchett's allegation that his resignation was the product of duress and that he was in essence terminated involuntarily from his job, he has failed to establish that he was deprived of due process. There is no dispute that Mr. Brooks gave Pritchett oral notice of the charges against him, an explanation of the City's evidence, and an opportunity to present his side of the story. Thus, Pritchett was afforded the due process to which he was entitled. See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1985) (to require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee). Pritchett did not come forward with any further evidence to sustain his allegations. Pritchett cannot rest on the allegations in his pleadings to overcome a motion for summary judgment. See Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 898 (9th Cir.1987), cert. denied, 487 U.S. 1234 (1988). Thus, Pritchett failed to offer significant probative evidence of specific facts to be resolved at trial. See Celotex, 477 U.S. at 324. Accordingly, the district court was correct in finding that Pritchett had not produced evidence establishing each element of his claim and that defendants were entitled to summary judgment. See Smolen, 921 F.2d at 963.
 
 
 11
 The district court also found no evidence to support plaintiff's state claims for wrongful discharge or the tort of outrage. Due to the lack of specific evidence in the record to support these claims, we also affirm the district court's summary judgment for the defendants on these claims. See Celotex, 477 U.S. at 324; Smolen, 921 F.2d at 963; List, 880 F.2d at 1045.[2]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his pleadings, Pritchett asserts that he was told he could either resign or be fired
 
 
 [2]
 The district court did not abuse its discretion in denying Pritchett's request for leave to amend because Pritchett sought to add new Sec. 1983 claims related to a 1989 arrest which would be barred by the statute of limitations. See Wilson v. Garcia, 471 U.S. 261 (1985). The district court also did not abuse its discretion in denying leave to amend to add additional parties because there was no showing that the proposed new parties had any notice of the pending action during the time prescribed by Rule 15(c) of the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 15(c)